## Stopp's Estate.

494

Argued April 13, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Wilson A. Wert,* of *Snyder, Wert & Wilcox,* with him *Daniel R. Rothermel,* for appellant.

*Robert E. Haas,* with him *Charles J. Margiotti,* Attorney General, and *John H. Diefenderfer,* for appellee.

OPINION BY MR. JUSTICE STERN, May 16, 1938:
Samuel Augustus Bridges Stopp died on June 13, 1917. By his will dated March 27, 1917, he bequeathed

to his niece, Evelyn Dech Stopp (now Reynolds), the present appellant, the sum of $1,000, to be held in trust by Allentown Trust Company and to be paid to her when she attained the age of thirty years. He also gave one-third of his residuary estate to five nephews and nieces, among them appellant, to be held in trust by Allentown Trust Company until they each reached the age of forty years. Appellant attained her majority on August 6, 1928, and on August 23 of that year Allentown Trust Company filed its account as her trustee, showing a balance due to her from this estate and from an additional trust under the will of another uncle, John Stopp, of $4,641.75. The trust company paid her the amount due from the John Stopp Estate, and on January 2, 1929, invested the balance, $2,778.60, in a certificate of participation in a mortgage pool of which Allentown Trust Company was trustee and in which other estates also participated. The certificate stated that Allentown Trust Company, Testamentary Trustee of Evelyn Dech Stopp, had a part ownership of $2,778.60 in the General Trust Participation Mortgage Fund. Appellant alleges that at that time she had no knowledge of the making of this investment.

On April 28, 1932, appellant presented her petition to the Orphans' Court for an order on the trust company to pay the trust fund to her, on the ground that it was a dry trust, and on August 10, 1932, the Orphans' Court made an order that the company pay her the sum of $2,768.67. Meanwhile the company had become insolvent, and on June 16, 1932, its affairs had been taken over by the Secretary of Banking as receiver. Subsequently the company paid to appellant, on account of principal, sums aggregating $950. On August 3, 1934, the receiver filed a further account as her trustee, showing a balance of $2,614.16, of which $2,580.15 was represented by the mortgage participation certificate and $34.01 by cash on hand. On the adjudication of this account the court awarded her this certificate and

money, but, claiming that she was entitled to the whole amount in cash, she appealed to the Superior Court, which held *(Stopp's Estate,* 122 Pa. Superior Ct. 47) that her claim in this regard could be raised only at the audit in the Court of Common Pleas of the account of the Secretary of Banking. On September 28, 1936, the Secretary of Banking filed his account in the Common Pleas on behalf of the trust company as trustee of the mortgage pool, to which appellant filed exceptions, again asserting her claim that she was entitled to a payment in cash of the total amount due. The Court of Common Pleas dismissed the exceptions on the ground that she was not presently entitled to any cash payment, but only to her pro rata share in the mortgage pool when that pool was finally liquidated by the substituted trustees appointed by the court for that purpose. The present appeal followed.

Appellant's theory of her rights in this proceeding is founded upon a medley of misconceptions.

It is not necessary to decide whether, the trust being a dry one, the trustee had a right to invest the fund which it received in cash from the donor's estate. In view of the decree of the Orphans' Court of August 10, 1932, it may be assumed, for present purposes, that it had no such right. It may likewise be assumed that that decree was also a conclusive adjudication of appellant's right to receive from the trust company the sum of $2,-768.67. The decree, however, was not intended to have, and did not have, any greater force or effect than would attach to any other order or decree for the payment of an amount due by a trustee to the beneficiary. The trust company having become insolvent, a situation arose in which the extent of appellant's right to enforce her claim, thus adjudicated, could, as the Superior Court held, be determined only upon the liquidation of the assets of the company under direction of the Court of Common Pleas, and not by a decree of the Orphans'

Court, especially as that decree was made without any reference to the subsequent insolvency.

It is further to be noted that the Orphans' Court decree directing payment was against Allentown Trust Company as trustee for appellant under the will of Samuel Augustus Bridges Stopp. If there was any improper investment of the trust fund it was made by the trust company as such trustee, and even if appellant had a right, as she claims, to receive the full amount of her claim in cash, that right would exist only against the trust company because of its default committed in that capacity. When the Superior Court held that appellant's claim could be raised only upon the audit of the account of the Secretary of Banking in the Common Pleas, it obviously referred to his account, not as receiver of the mortgage pool of which the trust company happened also to be trustee, but as receiver of the trust company itself. The account now under consideration, to which appellant has filed exceptions, being that of the receiver of the company as trustee of the mortgage pool, appellant has no status in the present proceeding to present her claim, since all to which she could possibly be entitled out of the mortgage pool would be the liquidation value of the participation certificate. Appellant's confusion apparently arises from the dual trusteeship of the trust company. Had the investment of the trust fund been made by the company in a mortgage pool administered by another corporation as trustee, and had appellant desired to object to such investment as improper, it is obvious that she would have had to make her claim against her own trustee and not against the corporate trustee administering the investment which she repudiated. As far as the mortgage pool is concerned, it is difficult to understand appellant's contention that she should be allowed a larger cash share on distribution than that to which the participation receipt would entitle her. Any such larger share would necessarily be at the expense, not of the trust company

claimed by her to be at fault, and which, as far as the record discloses, has no beneficial interest of its own in the pool, but of other trust estates whose property was invested therein and is represented by participation certificates held by them.

Appellant's proper remedy for the wrong which she alleges was committed by the testamentary trustee in this case is that set forth in Restatement of the Law of Trusts, section 202, as follows: "(1) Where the trustee by the wrongful disposition of trust property acquires other property, the beneficiary is entitled at his option either to enforce a constructive trust of the property so acquired or to enforce an equitable lien upon it to secure his claim against the trustee for damages for breach of trust, as long as the product of the trust property is held by the trustee and can be traced.[1] (2) Except as stated in Subsection (1), the claim of the beneficiary against the trustee for breach of trust is that of a general creditor."[2] Since appellant does not wish to limit her right merely to the enforcement of a constructive trust of the mortgage participation certificate, her only alternative is a claim for damages because of the de-

---

[1] The hypothetical facts assumed in the illustration numbered 2 under this rule happen to be substantially identical with those in the present situation: "A is trustee for B of $10,000. In breach of trust he purchases Blackacre with the money. B can enforce a constructive trust of Blackacre, or he can hold A liable for $10,000 and enforce an equitable lien upon Blackacre."

[2] The present case is also covered by section 210 of the Restatement, the remedy there stated being the same as that in section 202. Section 210 is as follows: "(1) If the trustee purchases with trust funds property which it is his duty not to purchase, the beneficiary can (a) charge him with the amount of the trust fund expended in such purchase, with interest thereon; or (b) require him to account for the property so purchased. (2) If the trustee purchases with trust funds property which it is his duty not to purchase and the beneficiary charges him with the amount of the trust fund expended in such purchase, the beneficiary can enforce an equitable lien upon the property so purchased as security for his claim."

ficiency in the trust fund resulting from the improper investment, and for which the trustee would be liable to surcharge. As security for this claim she can enforce an equitable lien upon the certificate. Under the Act of June 15, 1923, P. L. 809, section 40(f), however, which was in force when Allentown Trust Company went into receivership, such a claim is an unpreferred one against the general funds in the hands of the receiver.[3] Appellant must be confined, therefore, to an unpreferred claim against the assets of the trust company, equal to the difference between the amount due under the decree of the Orphans' Court of August 10, 1932, with interest to the date of the receivership, and the amount that may be received by her from the mortgage pool upon liquidation of her interest therein as represented by the participation certificate: see *United Security Trust Company Case,* 321 Pa. 276.

The decree is affirmed, without prejudice to appellant's rights upon liquidation of the mortgage pool and upon further accountings of the general assets of Allentown Trust Company as herein indicated.

---

[3] Under the Act of May 15, 1933, P. L. 565, section 1011, A, cl. 4, now in force, such a claim is likewise only a general one following claims of depositors.