## Department of Public Assistance v. Herwig

*C. L. Shaver*, for plaintiff.

*Frank A. Orban, Jr.*, for defendant.

LANSBERRY, P. J., August 4, 1953. — The matter comes before the court of quarter sessions on the petition of the Commonwealth of Pennsylvania, Department of Public Assistance, seeking reimbursement of public assistance grants made to the two minor children of defendant. The prosecutrix in the case, who is the wife of defendant and who has custody of the children, resists this petition, as does the clerk of courts, alleging the want of jurisdiction of the court of quarter sessions to order the reimbursement.

The brief facts in this matter are that defendant, Kenneth Herwig, was, after full hearing on April 9, 1951, ordered and directed to pay into the office of the clerk of courts for the support of his two minor children the sum of $60 per month. He paid a total sum of $28.60, which amount was applied by the clerk to the costs of the proceeding. From January 11, 1952, until March 27, 1953, the Department of Public Assistance granted the total of $568.54 assistance for these two minor children, which amount was paid directly to Ruth Herwig, mother of the children. This amount did not include the grants allowed by the department for the aid and assistance of Mrs. Herwig

herself. On February 4, 1953, defendant, after being apprehended and brought into court, paid into the office of the clerk of courts $950, being a portion of his defaulted payments required by the court order. Of that amount the clerk of courts remitted the sum of $124 to Mrs. Herwig and applied $6 to record costs. On February 28, 1953, this petition was filed in the court of quarter sessions by the Department of Public Assistance seeking an order of this court under the provisions of section 5 of the Act of June 24, 1937, P. L. 2045, directing the clerk of courts to reimburse to the Commonwealth's Department of Public Assistance the amount of assistance furnished by it for the support and benefit of the two minor children.

The contention of respondents is that this court of quarter sessions is without juridiction to entertain the petition and enter the order sought for the reasons: (a) There is no statutory authority for so doing, and (b) the funds are in the hands of the court and therefore, not subject to such proceeding as here instituted. Ruth Herwig, in addition to the above reasons, further resists the petition, asserting the money in the hands of the court is not subject to attachment and must be paid to her for the support of these children as directed in the original order.

The basic authority for the order here requested is the fundamental and salutary principle of our law that there is both the duty and obligation of those receiving public assistance or charity to repay the same. At common law there is the implied duty on the part of a recipient of public assistance or his estate to make reimbursement thereof: Waits' Estate, 336 Pa. 151; In re Reiver's Estate, 343 Pa. 147. Such also is our presently prevailing statutory law: The Support Law of June 24, 1937, P. L. 2045, sec. 4, 62 PS §1974. This section of The Support Law, providing for reimbursement of assistance, must be taken as a condition of any

grant made under the Public Assistance Law of June 24, 1937 P. L. 2501, 62 PS §2501: Commonwealth v. Bell, 35 D. & C. 146.

Petitioner herein relies upon section 5 of The Support Law of June 24, 1937, P. L. 2045, as the statutory authority, method and procedure for obtaining reimbursement of the assistance granted. The applicable sections are as follows:

"(a) Whenever any person shall become a public charge or receive public assistance, the public body or public agency caring for or furnishing such assistance may sue for and recover any sum of money due such person;

(b) Such suit shall be brought in the name of such person for the use of such public body or public agency. Proof that the person to whom such money is due became a public charge, or was publicly assisted, shall be conclusive of the right to recover whatever may be legally due such person. If the amount due shall have been reduced to judgment, the public body or public agency may be substituted as plaintiff in the judgment. If the sum due is founded on an order or decree of court, the public body or public agency shall have the right to recover the same."

Petitioner relies particularly on the last sentence quoted, the contention being that the recovery or reimbursement here sought is based upon an order of this court.

Although section 5 (a) provides that the appropriate public agency "may sue for and recover any sum of money due such person", there is nothing in the act which requires the interpretation contended for by respondents here, namely, that an action in assumpsit be prosecuted in the court of common pleas as the exclusive procedure or at the least as a preliminary basis for reimbursement. In Blum's Estate (No. 1), 38 D. & C. 588, this contention was considered and re-

jected and reimbursement directly made in the orphans' court without the necessity of a supporting judgment obtained in the common pleas court. Similarly the orphans' court ordered reimbursement in Jacobs Estate, 72 D. & C. 504. The Supreme Court in Stoner Estate, 358 Pa. 252, approved this procedure in the orphans' court and held that court had full and complete jurisdiction to order reimbursement to the public agency.

In an equity proceeding instituted by the Commonwealth, Department of Public Assistance, to declare a deed null and void, defendants preliminarily contended plaintiff's claim had not been reduced to judgment. The contention was rejected, the court holding the claim of the department represented a fixed amount due from defendant: Commonwealth v. Kishbaugh, 40 Luz. L. R. 313. To the same effect are Commonwealth v. Smith, 344 Pa. 381; Gellnek Estate, 75 D. & C. 219, and in re Youngblood, 78 D. & C. 470.

We are of the opinion that another section of The Support Law also supports the procedure here pursued by the Commonwealth agency. Section 3(a) of The Support Law, 62 PS §1973a, vests the court of quarter sessions with authority, as in this case, to enter an order of support and maintenance against a father in favor of his children. Subsection (b) further provides:

"(b) The Courts shall have power to hear, determine and make orders and decrees in such cases upon the petition of such indigent person, or of any other person or any public body or public agency having any interest in the care, maintenance or assistance of such indigent person."

This section of the act manifestly designates the court of quarter sessions and vests in it the authority to hear and determine claims, under this statute, against living persons. The scope of the act as in-

dicated by the language used is broad and nowhere is there a limitation indicated requiring a prior adjudication before the quarter sessions court may fully dispose of matters properly before that court. The provisions of the act do not limit the court to entering an original order of support but are sufficiently broad that the court of quarter sessions may make such orders and decrees in all cases as will carry out and effectuate the full intent of the whole act and as the changing situations may require. This view of The Support Law is not inconsistent with the holding in Stoner's Estate, supra, at page 259.

For the reasons herein set forth, we conclude that the court of quarter sessions does have statutory jurisdiction to entertain this petition of the Commonwealth through its Department of Public Assistance seeking reimbursement of assistance granted, that this is not an attachment proceeding, that the fund in the hands of the clerk of courts is subject to this court's order and that this court may directly order that reimbursement be made to the public agency acting under its statutory duty and responsibility, which, during the period of defendant's default, maintained an interest in the primary beneficiaries of that original order of support.

Accordingly, we enter the following

*Order*

Now, August 4, 1953, the petiton of the Commonwealth of Pennsylvania, acting through its Department of Public Assistance seeking reimbursement of assistance granted the two minor children of defendant during the period of default in payment of the order of support by defendant, is accordingly granted, and the clerk of the court of quarter sessions is accordingly directed to pay out of the fund in his hands in this matter, the claim of the petitioner, to wit, the sum of $568.54.