599 P.2d 925 (1979)
UNICURE, INC., Plaintiff-Appellee,
v.
Robert THURMAN, Defendant-Appellant.
No. 77-1049.
Colorado Court of Appeals, Div. II.
March 8, 1979.
Rehearing Denied April 12, 1979.
Certiorari Denied August 20, 1979.
*926 Casey, Klene, Horan & Wegs, Richard D. Casey, Denver, for plaintiff-appellee.
Arkin & Hanlon, P.C., Gary C. Davenport, Denver, for defendant-appellant.
VAN CISE, Judge.
In this action for imposition of a "constructive trust," the court ordered the defendant, Robert Thurman, to transfer certain real property to plaintiff, Unicure, Inc. Thurman appeals, and we affirm.
Unicure was incorporated in 1972 for the purpose of marketing a hair conditioner through various dealerships. Thurman and one Richard Tucker were its two principals, and both were officers and directors. Tucker owned 60% of Unicure's stock, and the other 40% was owned by Atlas Sewing Centers, Ltd., wholly owned by Thurman. During 1973, when Unicure was still in its first year of operation, Tucker and Thurman often shared their "fantasies" about what they would do with all the money they expected to make from the venture. One such fantasy was that Unicure would purchase a condominium for the use of each, Tucker's to be in Florida and Thurman's to be in Aspen.
*927 Unicure was loosely operated. Both principals apparently drew corporate funds for personal living expenses whenever the necessity arose. While on a ski vacation in Aspen, in February 1975, Thurman contracted to purchase "his" condominium. At that time he gave a $2,500 deposit by a check drawn on Unicure's account. Upon his return to Unicure's corporate offices, he informed Tucker and others present of his purchase and showed them pictures of the condominium. In March 1975, an additional $11,000 was paid as a further deposit on the condominium. This amount too was paid by check drawn by him on the Unicure corporate account. To pay the balance, Thurman obtained a $110,000 loan from Empire Savings and Loan Association, and, as security therefor, delivered a note and deed of trust on the condominium executed individually and not in his capacity as an officer of Unicure. The closing took place by mail, and Thurman took title in his own name. Unicure made all payments on the loan, and carried the condominium as an asset and the loan as a liability on its books.
By the end of 1975, the relationship between Thurman and Tucker had greatly deteriorated. Thurman resigned his positions with Unicure in April 1976. Thereafter, in July 1976, this action was commenced by Unicure, seeking conveyance to it of the condominium. Following a trial to the court, it found in favor of Unicure and ordered Thurman to convey the condominium to the company.
On appeal, Thurman contends that the trial court erred in finding that he had breached a fiduciary duty to Unicure, in ordering the conveyance, and in denying his motion for a new trial on the grounds of newly discovered evidence. We do not agree.

I.
As a director and officer, Thurman was in a fiduciary relationship with the corporation. See Kullgren v. Navy Gas & Supply Co., 110 Colo. 454, 135 P.2d 1007 (1943); Security National Bank v. Peters, Writer and Christensen, Inc., Colo.App., 569 P.2d 875 (1977). The use of corporate funds for purchase of a condominium, the taking of title in his own name, and, as the trial court found, the refusal to convey the condominium to Unicure when requested, were sufficient to establish a breach of that fiduciary duty. Indeed, although the trial court did not so conclude, that same evidence also establishes constructive fraud, regardless of the fact that Thurman acted in good faith and without any intent to deceive. See Security National Bank, supra. Thus, we conclude that the trial court did not err in finding that Thurman breached his fiduciary duty.

II.
An appropriate remedy for breach of such a duty is the imposition of an equitable or constructive trust. "A constructive trust arises where a person in a fiduciary relation acquires or retains property in violation of his duty as a fiduciary." 5 A. Scott, Trusts § 495 (3d ed.) (emphasis supplied); Restatement of Restitution §§ 190 and 194(1). Such trust is imposed to prevent unjust enrichment which would otherwise result from wrongful acquisition or retention of title to property. 5 A. Scott, supra, § 462.2; Askins v. Easterling, 141 Colo. 83, 347 P.2d 126 (1959).
Thurman contends, however, that even assuming the existence of an equitable or constructive trust, the duty of the constructive trustee will not be specifically enforced if the beneficiary has an adequate remedy at law.
In the ordinary case, equitable relief will not be given if a plaintiff has a plain, speedy, and adequate legal remedy. See People ex rel. Winbourn v. District Court, 87 Colo. 316, 287 P. 849 (1930); Barocas v. Bohemia Import Co., 33 Colo.App. 263, 518 P.2d 850 (1974). Here Unicure had a legal remedy for damages, including any profit which Thurman earned by his breach of trust. See Hudson v. American Founders Life Insurance Co., 151 Colo. 54, 377 P.2d 391 (1963).
*928 However, we are here concerned with the liability of a constructive trustee (Thurman) to his beneficiary (Unicure) for an abuse of a fiduciary relationship. Although the beneficiary could have maintained an action at law against the constructive trustee, it was not limited to that remedy. It also had and could pursue equitable remedies such as this proceeding for specific restitution, and it was immaterial that there was an adequate remedy at law. Restatement of Restitution § 160, Comment e, and § 202, Comments c and g; cf. Askins v. Easterling, supra. When a constructive trustee purchases property with funds belonging to his beneficiary, the beneficiary may elect to reject or affirm the purchase. In re Stopp's Estate, 330 Pa. 493, 199 A. 493 (1938); Restatement of Restitution § 194, Comment b. The trustee cannot merely replace the purchase price with interest and keep the property as his own unless the beneficiary has elected to reject the purchase. Piene v. Murphy, 46 Haw. 233, 377 P.2d 708 (1962). Unicure, as the beneficiary, elected to affirm the purchase and take the property. Accordingly, the trial court did not err in ordering Thurman to convey the condominium to Unicure.

III.
Thurman contends that the trial court erred in refusing to grant a new trial on the ground of newly discovered evidence. Such a motion should be granted if the evidence could not have been discovered in the exercise of reasonable diligence, if the evidence is material to some issue in the case, and if the evidence, if received, would probably change the result. American National Bank v. Christensen, 28 Colo.App. 501, 476 P.2d 281 (1970). Absent an abuse of its discretion, the trial court's resolution of these issues will not be disturbed. Hudson v. American Founders Life Insurance Co., supra. Here, we conclude that the trial court could reasonably have found that due diligence had not been exercised or that the new evidence would have had no effect on the outcome of the case. Thus, there was no abuse of discretion.
Judgment affirmed.
ENOCH and BERMAN, JJ., concur.