Robert C. RIFKIN, Gerald N. Kernis, Gary S. Kortz and The Boiler Room, Inc., a Colorado corporation, Plaintiffs–Appellees and Cross–Appellants,

v.

STEELE PLATT, Fas–Wok, Inc., a Colorado corporation, Tropic–Isle Cafe, Inc., a Colorado corporation, Island Bay Juice Company, a Colorado corporation and Wall Street Bar and Grill, Inc., a Colorado corporation, Defendants–Appellants and Cross–Appellees.

No. 89CA1950.

Colorado Court of Appeals,
Div. V.

June 20, 1991.

Brega & Winters, P.C., Lawrence A. Manzanares, Denver, for plaintiffs-appellees and cross-appellants.

Canges & Iwashko, P.C., Nina A. Iwashko, Denver, for defendants-appellants and cross-appellees.

Opinion by Judge PLANK.

Defendants, Steele Platt and Fas–Wok, Inc. (sellers), appeal the judgment of the trial court in favor of the corporate plain-

tiff, The Boiler Room, Inc. (the corporation). Plaintiffs cross-appeal the award of damages. We affirm in part and remand for further proceedings consistent with this opinion.

This matter involves the sale of the controlling shares of the corporation, which owns a restaurant of the same name located in the Tivoli Shopping Center in Denver, Colorado. Plaintiffs include the corporation and its present principal shareholders, Robert C. Rifkin, Gerald N. Kernis, and Gary G. Kortz (buyers). Sellers are the former controlling shareholders.

Buyers and sellers executed a Stock Purchase Agreement to effectuate the sale of the corporation. After the closing, the buyers discovered inaccuracies in financial representations made in the agreement. Consequently, they filed suit against the sellers asserting claims of breach of contract, breach of good faith, breach of fiduciary duty, and unjust enrichment.

The complaint alleged, in part, that Platt, as officer and director of the corporation, had misappropriated funds from it and that certain assets on the balance sheet were actually owned by Platt or other entities that he controlled. Sellers counterclaimed seeking rescission of the agreement.

After a trial to the court, judgment was entered in favor of the buyers on the breach of contract claim and the corporation on the breach of fiduciary duty claim. The court also awarded attorney fees pursuant to the agreement. Sellers do not appeal that part of the judgment concerning the breach of contract claim.

## I.

■ Sellers first contend that the trial court erred in awarding the corporation damages for breach of fiduciary duty for conduct which occurred prior to buyers' acquisition of stock. They cite *Bangor Punta Operations, Inc. v. Bangor & Aroostook R. Co.*, 417 U.S. 703, 94 S.Ct. 2578, 41 L.Ed.2d 418 (1974) in support of this argument. We agree that *Bangor Punta* raises issues which must be resolved in this matter.

In *Bangor Punta*, the new shareholders of the corporation, in the name of the corporation, sought damages from the former shareholders for violations of state and federal law which occurred before the sale. The United States Supreme Court held that the corporation could not maintain the action for wrongs that occurred before the new shareholders' acquisition of the shares. The court reasoned that the real parties that would gain from a successful lawsuit would be the new shareholders. It presumed that the purchase price that they paid reflected the prior wrongdoings. Thus, the shareholders would improperly receive a windfall if allowed to recover damages.

Here, it is undisputed that the acts which constituted Platt's breach of fiduciary duty occurred prior to the buyers' acquisition of stock in The Boiler Room. However, the parties dispute whether the purchase price reflected the prior wrongdoings. The trial court did not make a finding on this issue. Therefore, we remand it to the trial court for further findings. *See El Dorado Bancshares v. Martin*, 701 F.Supp. 1515 (D.Kan.1988).

If on review the court finds that the price, in fact, reflected Platt's wrongdoings, it must dismiss the breach of fiduciary duty claim. If, on the other hand, it finds that the purchase price of the shares did not reflect the wrongdoings, then the corporation's previous damage award may stand.

Plaintiffs contend that the court considered this issue in its finding that The Boiler Room would not be unjustly enriched by the award of damages for breach of fiduciary duty. Our review of the findings discloses otherwise. The court did not make that finding on the basis of the holding and analysis of *Bangor Punta*.

## II.

Sellers next argue that Platt did not breach a fiduciary duty because his actions were protected by the business judgment rule. We consider this issue in the event the trial court, on retrial, determines that

the corporation has standing to assert the breach of fiduciary duty claim.

Although a director owes a fiduciary duty to the corporation, *Unicure v. Thurman*, 42 Colo.App. 241, 599 P.2d 925 (1979), he or she is accorded wide discretion in making decisions for the corporation, and generally, if a director acts in good faith, such actions will not form a basis for imposing liability on that director. *Rywalt v. Writer Corp.*, 34 Colo.App. 334, 526 P.2d 316 (1974). However, even if a director is acting in good faith, the use of corporate funds for one's personal benefit without repayment to the corporation constitutes a breach of fiduciary duty. *Unicure Inc. v. Thurman, supra*. In addition, it is not a legitimate corporate activity to give away corporate resources or divert funds from the corporation to officers and directors without lawful reason. *Harold Co. v. Bonfils*, 315 F.Supp. 497 (D.Colo.1970), *rev'd on other grounds*, 472 F.2d 1081 (10th Cir.1972).

Here, the trial court found that Platt breached his fiduciary duty by operating his corporations for his own personal gain and benefit and with disregard for their individual corporate identities.. It found that he transferred funds between the corporations "willy nilly." The trial court's findings on this issue are supported by evidence in the record, and thus, they will not be disturbed. *See Johnson v. Smith*, 675 P.2d 307 (Colo.1984).

### III.

Another issue that will be significant if the trial court determines that the corporation may assert a breach of fiduciary claim is sellers' contention that the damages awarded for the breach of fiduciary duty claim were not supported by the evidence. We find no such lack of evidence.

The trial court awarded the corporation several categories of damages: the refunded portion of the security deposit; juice cart lease payments; miscellaneous cash transfers; miscellaneous assets; legal and accounting expenses; miscellaneous expenses; match expenses; audit expenses; and cash register expenses.

Each of these were itemized in documents presented to the court. And, although sellers argue that setoff items should have been considered by the court to reduce amounts requested, the trial court rejected the setoff items as not credible.

It is within the province of the trial court to assess the credibility and weight to be given to the evidence. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979). We cannot say that the trial court's assessment was clearly erroneous. Thus, we will not disturb it.

### IV.

The sellers' final claim is that the trial court's award of attorney fees was excessive. We disagree.

A trial court's award of attorney fees will not be reversed unless patently erroneous and unsupported by the record. *Hartman v. Freedman*, 197 Colo. 275, 591 P.2d 1318 (1979).

Here, the court awarded fees based on the agreement, which provides in pertinent part:

"If either party is required to expend attorney fees in order to bring an action to enforce the terms of this agreement as a result of the other party's breach, the breaching party shall be liable for reimbursement of said fees."

Sellers argue that the trial court erroneously awarded fees relating to the corporation's claim for breach of fiduciary duty. We do not agree.

The court stated that the fees relating to the breach of contract claim and those relating to the breach of fiduciary duty claim were "inextricably intertwined" and that, therefore, it could not itemize them separately. Nonetheless, the court reduced the $28,374 of fees submitted to $20,000 in an effort to comply with the agreement.

Defendants further argue that the award is excessive in light of the relatively small recovery by the individual

plaintiffs on the breach of contract claim. We again disagree.

In considering the reasonableness of an attorney fee award, the court should consider the relevant factors of the Code of Professional Responsibility DR 2–106. The amount of the damage award is only one of those factors. *Hartman v. Freedman, supra.* It is evident from our review of the record that the trial court considered all of the relevant factors. Hence, we will not disturb its award.

## V.

■ The sole contention presented by plaintiffs' cross-appeal is that the trial court erred in reducing by one-half the amount of damages presented for match expenses. The record is not clear on this issue. The trial court made a finding that defendants are liable for 50% of the match expenses paid by the corporation. However, the record does not contain invoices for matches which support the $5,295.42 figure. If the corporation's prosecution of the breach of fiduciary claim is found to be proper, then, on remand, the damages award should be amended to reflect the evidence on this issue.

The cause is remanded to the trial court for further review of the record. If the court determines that the purchase price paid by the buyers in fact reflected Platt's prior wrongdoings, it shall dismiss the corporation's breach of fiduciary duty claim. Conversely, if it finds that the price paid for the stock did not reflect Platt's wrongdoings, the corporation's previous damage award shall stand, subject to any change found necessary to reflect the proper adjustment for match expenses.

HUME and NEY, JJ., concur.