47 F.3d 1054
 26 Bankr.Ct.Dec. 854, Bankr. L. Rep. P 76,382
 In re STAT-TECH INTERNATIONAL CORPORATION, a Colorado
corporation, Debtor.
STAT-TECH INTERNATIONAL CORPORATION, a Colorado corporation, Appellant,
v.
James DELUTES, Melda Caraway, James Ball, Bruce Ray, and
Jack Zales, Appellees.
 No. 93-1476.
 United States Court of Appeals,
Tenth Circuit.
 Feb. 13, 1995.
 
 Brian P. Leitch, Tim Atkeson with him on the brief of Arnold & Porter, Denver, CO, for appellant.
 Fred Y. Boyer of Boyer & Danielson, and Robert W. Snively, Boulder, CO, for appellees.
 Before BRORBY, McWILLIAMS and EBEL, Circuit Judges.
 BRORBY, Circuit Judge.
 
 
 1
 Debtor, Stat-Tech International, a Colorado corporation, petitioned the bankruptcy court for a determination that state court claims by Debtor's investors against the controlling shareholders were property of the bankruptcy estate. The bankruptcy court granted the investors' motion for summary judgment and entered judgment in favor of the investors. We exercise jurisdiction pursuant to 28 U.S.C. Sec. 1291 and 28 U.S.C. Sec. 158(d), and we affirm.
 
 Background
 
 2
 The facts of this case are straightforward and undisputed by the parties for purposes of determining the narrow question of ownership of specific property. During 1991, an individual in the position of chief executive officer, director, and president of Debtor issued false and misleading representations in reports mandated by the Securities and Exchange Act of 1934. In reliance on these misrepresentations, a group of investors ("Investors") invested in Debtor during 1991. During the first half of 1992, Proactive Partners, L.P. ("Controlling Shareholders"), owning seventeen percent of Debtor's common stock, took control of Debtor, and Debtor's assets were depleted by approximately $800,000. Debtor voluntarily filed for bankruptcy protection under Chapter 11.
 
 
 3
 Investors then initiated a state court action against the Controlling Shareholders for defrauding Investors. In response to the state court action, Debtor sought a determination from the bankruptcy court that those state claims were the property of the bankruptcy estate. While Investors' state complaint averred six claims, Debtor only challenged the propriety of three of the claims: breach of fiduciary duty, corporate waste and mismanagement, and appropriation of corporate opportunity. Debtor concedes Investors' remaining claims were the sole property of the Investors.
 
 
 4
 Both Debtor and Investors moved for summary judgment in the bankruptcy court. The bankruptcy court granted Investors' motion for summary judgment finding "[t]he state action does not seek to recover losses on behalf of the Plaintiff Debtor." The bankruptcy court explained, "[t]he state action seeks recovery for the minority shareholders for their individual losses." The Federal District Court, ruling from the bench, affirmed the grant of summary judgment for similar reasons.
 
 
 5
 In its appeal of this ruling, Debtor argues the bankruptcy and federal district courts misapplied state law in defining the property of the bankruptcy estate. Specifically, Debtor asserts the courts erred by considering the remedy demanded in Investors' state court action rather than looking to the underlying nature of the allegations that formed the basis of the claims.
 
 Discussion
 
 6
 In reviewing a grant of summary judgment, we review the case de novo applying the same legal standards used by the bankruptcy and district courts.[1] Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Octagon Gas Systems, Inc. v. Rimmer, 995 F.2d 948, 952 (10th Cir.), cert. denied, --- U.S. ----, 114 S.Ct. 554, 126 L.Ed.2d 455 (1993). Moreover, we are free to affirm a grant of summary judgment on grounds different than those used by the district court if the record is sufficient to support such grounds. Griess v. Colorado, 841 F.2d 1042, 1047 (10th Cir.1988).
 
 
 7
 "[T]he plaintiff, to survive the defendant's motion [for summary judgment], need only present evidence from which a jury might return a verdict in [its] favor. If [it] does so, there is a genuine issue of fact that requires a trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). The issue in this case is whether Debtor has presented sufficient evidence that the state court claims are property of the bankruptcy estate to withstand Investors' motion for summary judgment. We conclude, regardless of the bankruptcy and district courts' phrasing of their reasons for granting summary judgment, Debtor has failed to present sufficient evidence to survive summary judgment, and we therefore affirm.
 
 
 8
 Property of the bankruptcy estate includes causes of action belonging to the debtor at the time the case is commenced. 11 U.S.C. Sec. 541(a)(1). "The debtor's interests in any such causes of action are included within the broad scope of the provision of 541(a)(1) that the estate includes 'all legal or equitable interests of the debtor in property' ". 4 Collier on Bankruptcy p 541.10 at 541-65 (15th ed.1994) (footnote omitted). Ownership of a property interest is determined by state law. Butner v. United States, 440 U.S. 48, 54-55, 99 S.Ct. 914, 917-18, 59 L.Ed.2d 136 (1979) ("Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding."). Accordingly, the narrow issue in this case is simply whose property, under Colorado law, are the three claims asserted in the state court action by Investors against Controlling Shareholders.
 
 
 9
 Debtor attached a copy of Investors' state court complaint to its petition in bankruptcy court. The state court complaint is the sole piece of evidence in the record on appeal in support of or in opposition to the summary judgment motions.[2] We will assume the bankruptcy court was given only the state court complaint as evidence on which to make its summary judgment determination. The Investors, as the party seeking summary judgment, "bear[ ] the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). However, Investors are not required to present evidence in support of their motion for summary judgment because the "party against whom a claim ... is asserted or a declaratory judgment is sought may ... move with or without supporting affidavits for a summary judgment." Fed.R.Civ.P. 56(b). Also, a defendant moving for summary judgment need not negate the plaintiff's "claim, but need only point out to the district court 'that there is an absence of evidence to support the nonmoving party's case.' " Universal Money Ctrs., Inc. v. AT & T Co., 22 F.3d 1527, 1529 (10th Cir.) (quoting Celotex, 477 U.S. at 325, 106 S.Ct. at 2553), cert. denied, --- U.S. ----, 115 S.Ct. 655, 130 L.Ed.2d 558 (1994).
 
 
 10
 Investors have carried their burden. They have pointed to the only evidence before the court, the state court complaint, as evidence of the claims they are making in state court. Investors have highlighted to the court that the state court complaint does not support Debtor's contention that the claims are property of the bankruptcy estate.
 
 
 11
 Thus, to withstand summary judgment, Debtor "must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990).
 
 
 12
 [S]ufficient evidence (pertinent to the material issue) must be identified by reference to an affidavit, a deposition transcript or a specific exhibit incorporated therein.... In the absence of such specific reference, we will not search the record in an effort to determine whether there exists dormant evidence which might require submission of the case to a jury.
 
 
 13
 Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024-25 (10th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 635, 121 L.Ed.2d 566 (1992). Debtor only points to the state court complaint, and we therefore examine the relevant aspects of this evidence to determine if summary judgment was proper.
 
 A.
 
 14
 The first claim in the state court complaint challenged by Debtor is the claim of breach of fiduciary duty. Specifically, Investors allege
 
 
 15
 [Controlling Shareholders] held a position of trust and confidence as fiduciaries of plaintiffs during the entire course of dealings among the parties.... [Controlling Shareholders] were required to reveal all facts within their knowledge which might affect plaintiffs' rights and interests regarding their investment.... By engaging in ... false representations and material omissions, [Controlling Shareholders] breached their fiduciary duties to plaintiffs and caused damages to plaintiffs.
 
 
 16
 State Court Complaint at 7 (emphasis added). This claim clearly alleges a breach of a duty owed directly by Controlling Shareholders to Investors. The state court complaint alleges Controlling Shareholders, in "a position of trust and confidence," breached a fiduciary duty they owed to Investors.
 
 
 17
 Under Colorado law, corporate directors, in the exercise of their responsibilities, owe a fiduciary duty to shareholders. Corporate directors and officers owe the minority shareholders "candor, unselfishness, and good faith." Van Schaack Holdings, Ltd. v. Van Schaack, 867 P.2d 892, 897 (Colo.1994). "Directors of a corporation have a fiduciary duty to protect the stockholders' interests and are required to discharge this duty in good faith." River Management Corp. v. Lodge Properties Inc., 829 P.2d 398, 401 (Colo.App.1991). Corporate directors and officers also act as a fiduciary of the corporation itself. See Collie v. Becknell, 762 P.2d 727 (Colo.App.1988); Unicure, Inc. v. Thurman, 42 Colo.App. 241, 599 P.2d 925 (1979); see also Graphic Directions, Inc. v. Bush, 862 P.2d 1020, 1022 (Colo.App.1993) (prima facie requirements to prove breach of fiduciary duty). Controlling Shareholders owe some fiduciary duties to Investors that are separate from fiduciary duties also owed to Debtor. Therefore, Investors' claim of breach of fiduciary duty does not necessarily have anything to do with duties owed by Controlling Shareholders to Debtor. Investors allege injury only to themselves and thus this claim can only be raised by Investors.
 
 
 18
 Debtor, as the party opposing summary judgment, bears the burden of presenting evidence "so that a reasonable jury could return a verdict" in its favor. Liberty Lobby, 477 U.S. at 248, 106 S.Ct. at 2510. Debtor has presented no such evidence. Debtor failed to show any property interest in this claim of breach of fiduciary duty owed by Controlling Shareholders' directly and exclusively to Investors.
 
 B.
 
 19
 Investors' state claim of corporate waste and mismanagement against Controlling Shareholders curtly asserts "[Controlling Shareholders] have committed corporate waste and mismanagement.... Plaintiffs have been damaged as a result thereof." Complaint at 7 (emphasis added). Under Colorado law, a claim of corporate waste and mismanagement typically belongs to the corporation. River Management, 829 P.2d at 403. "In general, claims of waste and mismanagement of corporate assets are claims which allege injury to the corporation and, thus, can only be raised by the corporation itself or by the stockholders in a derivative suit." Id. However, Colorado courts have articulated an exception to this rule. If the shareholder has sustained distinct and separate harm, then the shareholder has standing to maintain the action. Id. (citing Nicholson v. Ash, 800 P.2d 1352 (Colo.App.1990)).
 
 
 20
 From a reading of Investors' claim of corporate waste and mismanagement, it would seem at first glance Investors are averring a claim that is property of Debtor. However, we have found no Colorado requirement that Investors must allege specifically in its pleading separate and distinct harm. Colorado is a notice pleading state, see Colo.R.Civ.P. 8(a)(2) & (e); Shapiro & Meinhold v. Zartman, 823 P.2d 120, 122 (Colo.1992), and the Colorado courts have not required such plaintiffs to plead injury with specificity. Therefore, Investors are not required to plead more than Controlling Shareholders committed corporate waste and mismanagement resulting in damage to Investors. However, to establish standing on a claim of corporate waste and mismanagement, the shareholder-plaintiff ultimately must prove personal losses different from the loss sustained by the corporation and the shareholders generally.
 
 
 21
 Debtor, as the plaintiff in the bankruptcy court, bears the burden of showing the claims are part of the bankruptcy estate. Therefore, the Debtor bears the burden of showing the claim of corporate waste and mismanagement by Investors is not for distinct and separate harm. Even if the bankruptcy court erred in implying a suit to recover individual harm is sufficient under Colorado law to avoid the property of the corporation, we must affirm summary judgment because Debtor has failed to create a genuine issue. The state complaint alone is insufficient for a jury to return a verdict in favor of Debtor. From the state court complaint, we know only that Investors were alleged to be harmed. We cannot infer whether this harm was separate and distinct or whether this harm was general. Debtor has presented no other evidence, no affidavits or depositions, to support a finding the harm to Investors was not different than the harm to Debtor and other investors. In short, Debtor failed to resist the motion for summary judgment with a showing that Investors were maintaining an action for harm generally incurred by the corporation.C.
 
 
 22
 The third claim poses an identical problem for Debtor. Investors' claim of appropriation of corporate opportunity reads: "[D]efendants defeated the plans of Stat-Tech to carry out its business.... [Controlling Shareholders are] attempting to unlawfully appropriate a corporate opportunity. [Investors] have been damaged as a result thereof." Complaint at 7 (emphasis added). This superficially appears to be a corporate claim. "[A]s a general rule, a stockholder cannot maintain a personal action against a director or other third party whose action causes harm to the corporation." Nicholson, 800 P.2d at 1356. "Generally, it is the corporation ... who must pursue such a claim." Id. However, as stated earlier, the Colorado courts recognize an exception when "the actions of the third party that injure the corporation ... cause him injury as a stockholder, unique to himself and not suffered by the other stockholders." Id. 800 P.2d at 1357.
 
 
 23
 The state court complaint expressly alleges Investors suffered damage. Again, the complaint, by its plain language, supports Investors motion for summary judgment. Thus, Debtor bears the burden of raising a dispute as to a material issue of fact of whether Investors' injuries were distinct and separate from injuries to the corporation and the other shareholders. See Liberty Lobby, 477 U.S. at 256, 106 S.Ct. at 2514 (the party opposing the motion for summary judgment "may not rest upon mere allegations or denials of his pleadings."). And still, no evidence beyond the state court complaint was been presented to the bankruptcy court. Debtor has presented no evidence to support a finding that the harm to Investors was not distinct or separate from the harm to Debtor, nor did the Debtor make any showing that Investors' claim was that of the Debtor corporation.
 
 Conclusion
 
 24
 The only evidence presented to the bankruptcy court was the state court complaint. No evidence was presented supporting the inference that Investors' claims of corporate waste and mismanagement and appropriation of corporate opportunity are not separate and distinct from harm or losses to Debtor. Debtor has not presented specific facts or evidence to dispute that Investors have been individually and distinctively harmed by the actions of Controlling Shareholders. All that is before the court is Investors' allegation that "[p]laintiffs have been damaged," an allegation we must accept as true under the posture of this case.[3]
 
 
 25
 Our ruling today is simply that Debtor has failed to meet its burden under the rules governing motions for summary judgment and therefore summary judgment for Investors is proper.[4] By the record presented to us, Debtor is not entitled to a declaratory judgment or injunctive relief from the bankruptcy court.
 
 
 26
 Debtor asserts the courts erred by considering the remedy demanded in Investors' state court action rather than making its determination on the underlying nature of the allegations that formed the basis of the claims. It may not be technically correct under Colorado law to state that simply because Investors are not seeking losses on behalf of the Debtor the claims are not property within the bankruptcy. Still, the state court complaint, by its own terms, is claiming individual causes of action against Controlling Shareholders, and Debtor has shown nothing contrary to this claim. Debtor has presented no evidence on the underlying nature of the claims, nor has Debtor made any showing that the claims seek anything other than that to which Investors are entitled. There is an absence of evidence to support Debtor's case, therefore, summary judgment for Investors is proper and we AFFIRM.
 
 
 
 [1]
 The legal standards of summary judgment in the bankruptcy court are identical to those in a nonbankruptcy suit in the district court, namely Fed.R.Civ.P. 56(c). See Fed.R.Bankr.P. 7056 (referencing Fed.R.Civ.P. 56)
 
 
 [2]
 Debtor has failed to include in the record on appeal copies of the motions in support and opposition to summary judgment. See 10th Cir.R. 10.3.2(b)
 
 
 [3]
 We accept as true the allegations in the state court complaint as the only evidence presented to the bankruptcy court. "The court should accept as true the evidence of the non-moving party." Taylor v. Gilmartin, 686 F.2d 1346, 1354 (10th Cir.1982), cert. denied, 459 U.S. 1147, 103 S.Ct. 788, 74 L.Ed.2d 994 (1983). Debtor presented the state court complaint to the bankruptcy court, and the complaint is the only bit of evidence presented
 
 
 [4]
 If Investors fail to prove separate and distinct harm and losses in the state court action, then the state district court will dismiss the claims of appropriation of corporate opportunity and corporate waste and mismanagement. If Investors cannot prove separate harm and losses, then its members have no standing on those claims under Colorado law. We will not assume a state court will commit error by awarding judgment to individuals who are not entitled thereto