R. James NICHOLSON,
Plaintiff–Appellant,

v.

Irving ASH, E.G. Koelling, Ronald L. Seigneur, C.E. Snow, Sandra V. Chadwick, Peter M. Eggleston, and Cogswell & Wehrle, a Partnership, Defendants–Appellees.

No. 89CA0459.

Colorado Court of Appeals,
Div. V.

Oct. 11, 1990.

Morrato, Bieging, Burrus & Colantuno, P.C., I. Thomas Bieging, Stephen B. Shapiro, Englewood, for plaintiff-appellant.

No appearance for Irving Ash.

Arnold & Porter, Thomas C. Seawell, Scot W. Anderson, Denver, for defendant–appellee E.G. Koelling.

Shaw, Spangler & Roth, W. Bruce Thompson, Laura E. Foster, Denver, for defendants-appellees Ronald L. Seigneur, Sandra V. Chadwick and Peter M. Eggleston.

Law Offices of Paul E. Vranesic, Howard S. Goodman, Denver, for defendant-appellee C.E. Snow.

Hall & Evans, Alan Epstein, Robert S. Treece, Robin L. Beattie, Denver, for defendant-appellee Cogswell & Wehrle.

Opinion by Judge CRISWELL.

Plaintiff, R. James Nicholson, appeals from the judgment entered by the trial court under C.R.C.P. 54(b) dismissing his fourth, fifth, sixth, and seventh claims for relief. These claims sought recovery from defendants for their alleged breach of fiduciary obligations which plaintiff claims they owed to him. He asserts that the trial court erred in entering its judgment pursuant to C.R.C.P. 12(b) because the allegations of the fourth claim for relief were sufficient to assert that plaintiff and the defendants named in that claim were in a confidential relationship that gave rise to fiduciary obligations on those defendants' part. He also asserts that, contrary to the trial court's ruling, he had standing to pursue individual claims against certain of the defendants in their capacity as corporate directors because of his guaranty of certain corporate debts. We disagree with plaintiff's assertions and affirm the trial court's judgment.

According to the allegations of plaintiff's complaint, he purchased capital stock in American Bankshares, Ltd. (American), which owned 100% of the stock in the American Bank of Commerce (the bank). In conjunction with his purchase of this capital stock, plaintiff personally guaranteed the repayment of a portion of certain loans made to American or to the bank in order for American to acquire ownership of the bank.

Approximately two years after plaintiff's stock acquisition and debt guaranty, the bank failed, and the state bank commissioner closed it. Claiming that the bank's failure caused him a personal loss resulting from the derelictions of others, plaintiff instituted this suit against four groups of defendants.

First, plaintiff alleged, in his first three claims, that another party, not joined in

this appeal, acted as a promoter and, through breach of a promoter's fiduciary obligations, fraud, and negligent misrepresentations, induced plaintiff to acquire his stock interest in American and to guarantee a portion of the acquisition debt. Under these claims, plaintiff sought to recover from the promoter and American the amount that he paid to acquire the stock and any amount that he had been, or would be, required to pay under his loan guarantee.

A second group of defendants consisted of the promoter and two other individuals who plaintiff asserted had all acted as consultants to the bank. These latter two individuals have instituted bankruptcy proceedings, and as a result, our opinion shall not affect their legal rights.

In his fourth claim for relief, plaintiff alleged that he had reposed special trust and confidence in these three individuals, and others, based upon the representations allegedly made by them to plaintiff that they possessed expertise in banking matters, that they would carefully supervise the bank's operations, and that the income from those operations would be sufficient to service the debts to which plaintiff's guaranty applied. He asserts that these representations of expertise and the special interest and confidence he reposed in the individuals named in this fourth claim resulted in the creation of a fiduciary obligation on their part. He further alleges that these individuals violated that obligation by failing to monitor the bank's operations and by permitting the bank to engage in improper practices. Plaintiff sought to recover under this fourth claim any damages resulting to him because of his guaranty of the acquisition debt.

The third group of defendants consisted of the members of the board of directors of American (defendants, Irving Ash, Sandra V. Chadwick, Peter M. Eggleston, and E.G. Koelling) and the members of the board of directors of the bank (Ash, Chadwick, Eggleston, Koelling, and Ronald L. Seigneur). As we read the allegations of his complaint, plaintiff asserts two alternate theories of liability against these directors.

First, the allegations of the fourth claim of relief, by asserting that the members of both boards of directors made the representations and were guilty of the acts and omissions described in that claim, seek to impose liability upon these defendants under those allegations.

Second, in the fifth and sixth claims, plaintiff asserts that, as directors of American or of the bank, American's wholly owned subsidiary, these defendants owed to plaintiff, as a stockholder in American, the fiduciary obligation to manage the bank in a careful and prudent manner, but that they violated this duty by mismanaging the bank's operations. Under these claims, plaintiff seeks to recover only those damages sustained by him as a result of his guaranty of a portion of the acquisition debt; he does not seek to recover for any loss of his investment in American's capital stock.

The fourth category of defendants consisted of a law partnership that had provided legal counsel to American and the bank, several of whose members or employees served on the board of directors of both corporations. In his seventh claim for relief, plaintiff seeks to hold the law firm liable under the doctrine of respondeat superior for any damage caused to him by any member or employee of the firm while acting as a director of either American or the bank.

In response to motions to dismiss filed by defendants pursuant to C.R.C.P. 12, the trial court adopted written findings and conclusions in which it determined that plaintiff's first three claims stated proper claims. *See Christy v. Cambron,* 710 F.2d 669 (10th Cir.1983). No issue respecting these claims, therefore, is presented by this appeal.

The trial court dismissed the fourth claim, concluding that the allegations of that claim did not, as a matter of law, properly allege the existence of any fiduciary relationship.

It also dismissed the fifth and sixth claims, concluding that the right of action against directors for mismanagement is one that is owned by the corporation itself,

which is the party damaged thereby. Thus, the action must be for the benefit of that corporation and instituted by it, or by a stockholder in a derivative action. In the latter case, a plaintiff must allege and prove either a prior demand upon the directors to institute suit or the futility of any such demand. *See* C.R.C.P. 23.1. Since plaintiff did not seek to maintain a derivative action, but sought to collect damages for his own benefit, the trial court dismissed these two claims.

Finally, because of its dismissal of the fifth and sixth claims, the court concluded that the seventh claim, which was based solely upon the doctrine of respondeat superior, was also required to be dismissed.

### I.

Plaintiff first asserts that the fourth claim for relief properly alleged the existence of a confidential relationship between the defendants described therein and himself so that he was justified in reposing special trust and confidence in them. Thus, he says, these defendants owed to him a fiduciary duty that was violated by their later mismanagement of American and the bank. Under the circumstances disclosed by this record, we disagree.

■ We recognize that a confidential relationship may arise when one party justifiably imposes special trust and confidence in another, so that the first party relaxes the care and vigilance that he would normally exercise in entering into a transaction. Further, such a confidential relationship may arise from a multitude of differing circumstances. *See Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979); *Dolton v. Capitol Federal Savings & Loan Ass'n,* 642 P.2d 21 (Colo.App.1981).

■ If such a relationship is shown to exist, the person in whom the special trust is placed owes a duty to the other party similar to the duty of a fiduciary. He must act in good faith and with due regard to the interests of the one reposing the confidence. *Meyer v. Schwartz,* 638 P.2d 821 (Colo.App.1981). And, a breach of such duty gives rise to an actionable cause of

action for damages sustained by such breach. *See Rubenstein v. South Denver National Bank,* 762 P.2d 755 (Colo.App. 1988).

■ However, the prior Colorado opinions suggest, and we hold, that the confidential relationship giving rise to the duty must have been established prior to the date of the transaction that gives rise to the claim. *See First National Bank of Meeker v. Theos,* 794 P.2d 1055 (Colo.App. 1990).

In *Page v. Clark, supra,* the two parties had a joint business relationship before the contract at issue was entered into; in *Dolton v. Capitol Federal Savings & Loan Ass'n, supra,* plaintiff had negotiated several previous loans with defendant; and in *Rubenstein v. South Denver National Bank, supra,* the plaintiff had been a depositor in the defendant bank before the events giving rise to his claim occurred. Further, in *United Fire & Casualty Co. v. Nissan Motor Corp.,* 164 Colo. 42, 433 P.2d 769 (1967), the court, in rejecting the assertion that the defendant owed a fiduciary obligation to plaintiff, emphasized that there had been shown "no *prior* business agency, no professional or confidential relationship" between the parties. (emphasis supplied)

Thus, we conclude that, absent the creation of a true fiduciary relationship between two parties to a transaction, representations made by one party to another in conjunction with that transaction will not, without more, give rise to a confidential relationship. While such representations may give rise to claims for relief on other grounds, they cannot alone create a confidential relationship so as to give rise to a fiduciary duty.

■ Here, plaintiff's fourth claim did not allege that there had been a pre-existing relationship between plaintiff and any of the defendants described in that claim. Plaintiff's allegation that he reposed special trust and confidence in these defendants was grounded solely upon his assertion that, in conjunction with his purchase of capital stock and guarantee of the corpo-

rate debt, they represented to him that they possessed expertise with respect to the banking business and that they would oversee the bank's operations.

Given these allegations, therefore, the trial court properly concluded that the fourth claim failed to state a proper claim for relief against the defendants described therein.

## II.

We also conclude that the trial court committed no error in dismissing the fifth, sixth, and seventh claims for relief.

### A.

The fifth and sixth claims are substantially identical, except the fifth claim is directed against the members of the board of directors of American, while the sixth claim is directed against the members of the board of directors of the bank. All of these defendants have agreed that, solely for the purpose of determining the issues raised in this appeal, we may assume, without deciding, that both boards of directors owed to plaintiff the same duty (if any).

Plaintiff's fifth and sixth claims are grounded upon the fiduciary obligation to use due care in managing a corporation which, he says, a member of that corporation's board of directors owes to all of its stockholders.

■ He recognizes that, as a general rule, a stockholder cannot maintain a personal action against a director or other third party whose action causes harm to the corporation. Generally, it is the corporation, or a stockholder in a derivative action under C.R.C.P. 23.1, who must pursue such a claim. *See Box v. Roberts*, 112 Colo. 234, 148 P.2d 810 (1944); *A.R.A. Manufacturing Co. v. Cohen*, 654 P.2d 857 (Colo.App.1982).

■ Nevertheless, he asserts that, because he guaranteed a portion of the corporate debt, and because defendants' alleged violation of the duty of due care, owed both to the corporation and to the stockholders, resulted in a personal loss to him on his loan guaranty different from the loss sustained by the stockholders generally, he has standing to maintain a personal action for his own benefit. We disagree.

There are several well-founded reasons why a stockholder is precluded from asserting a personal right of action against a third party whose actions have caused damage to the corporation. In such a case, it is the corporation that has suffered direct injury, and any damage resulting to the stockholder is merely indirect; such damage is normally reflected only in the decreased value of his stock. In addition, however, the rule requiring that such a claim be pursued on behalf of the corporation and for its benefit prevents a multiplicity of suits by the various stockholders and assures that the corporation will be bound by the result of the litigation. Finally, by requiring the suit to be maintained for the corporation's benefit, any proceeds resulting from the litigation will be treated as corporate assets and available to satisfy both creditors' and other stockholders' claims. *See Bell v. Arnold*, 175 Colo. 277, 487 P.2d 545 (1971). *See generally* 12B W. Fletcher, *Cyclopedia of Law of Private Corporations* § 5910 at 418 (1984).

■ Of course, if the stockholder is a party to a contract, whether express or implied, with the directors or some other third party, he may maintain a personal suit against that third party. *Bithell v. Western Care Corp.*, 762 P.2d 708 (Colo. App.1988). However, "[i]n such cases the *status* of stockholder is of *no importance*, since he sues in his individual capacity." W. Fletcher, *supra*, § 5916 at 447 (emphasis supplied). *See also Bithell v. Western Care Corp., supra* (directors' fiduciary obligation owed to stockholders not implicated in suit upon employment contract by employee who owned stock in corporation).

Defendants concede that, if plaintiff is required to pay any amount as a result of his loan guaranty, he could enforce an implied obligation of the corporations to indemnify him. However, in his fifth and sixth claims plaintiff does not seek to impose any liability upon either the corporations or the directors based upon this im-

plied obligation. Rather, he relies solely upon the duty he claims the directors owe to him in his capacity as stockholder, without regard to any obligation arising out of his guarantee.

■ A stockholder may maintain a personal action in his capacity as a stockholder only if the actions of the third party that injure the corporation result from a violation of a duty owed to him as a stockholder and that cause him injury as a stockholder, unique to himself and not suffered by the other stockholders. *Security National Bank v. Peters, Writer & Christensen, Inc.*, 39 Colo.App. 344, 569 P.2d 875 (1977) (preferred shareholders may maintain personal action against directors who deny them statutory right of redemption upon adoption of liquidation plan).

Plaintiff asserts, however, that his status as a guarantor of certain corporate obligations has caused him to suffer injury beyond that suffered by other stockholders, and thus, he has standing to maintain an individual action against the directors. We disagree.

It is true that some courts have appeared to allow such an action in similar circumstances. *See Twohy v. First National Bank*, 758 F.2d 1185 (7th Cir.1985) (applying the law of Spain); *Davis v. United States Gypsum Co.*, 451 F.2d 659 (3rd Cir. 1971); *Sacks v. American Fletcher National Bank & Trust Co.*, 258 Ind. 189, 279 N.E.2d 807 (1972).

Other courts have rejected the assertion that a stockholder's status as a guarantor of a corporate debt gives him standing to assert an individual claim against some third party. *See Sparling v. Hoffman Construction Co., Inc.*, 864 F.2d 635 (9th Cir.1988); *Adair v. Wozniak*, 23 Ohio St.3d 174, 492 N.E.2d 426 (1986); *Artic Contractors, Inc. v. State*, 573 P.2d 1385 (Alaska 1978). *See also* W. Fletcher, *supra*, § 5917 at 68 (1989 Cum.Supp.).

In light of the policies underlying the general rule prohibiting an individual stockholder action, we find the latter line of authority to be more persuasive.

As the trial court recognized, plaintiff's agreement to guarantee certain debts did not enhance his status as a *stockholder*. Rather, that action resulted in plaintiff having *two* relationships with the corporation—one created by his purchase of stock and one resulting from his guarantee of the debt.

■ As a stockholder, the directors owed to plaintiff various fiduciary obligations. These same obligations, however, are not owed to guarantors or other corporate creditors. *See Bithell v. Western Care Corp., supra.*

Further, the damage suffered by plaintiff, which he claims is unique, was suffered as a result of his loan guaranty and the corporations' failure to fulfill their implied obligation to indemnify him from any loss thereunder. By reason of such failure of indemnification, plaintiff sustained a *creditor's* loss; this loss was unassociated with plaintiff's status as a stockholder.

Thus, plaintiff's fifth and sixth claims seek to recover from the defendants for the losses sustained by him as a corporate creditor, not for a loss suffered because he was a corporate shareholder. But, he seeks to enhance his *creditor* status by relying upon the obligations owed to him as a *stockholder*. To allow such an action would result in a preference to a creditor, who happened to own stock in a corporation, over non-stockholder creditors. Such an unwarranted result would be inconsistent with the underlying policy considerations that prevent an individual suit by a shareholder.

### B.

Plaintiff's claim against the law firm, based upon the tenets of respondeat superior, sought to impose liability for acts undertaken by the firm's employees or partners only when acting in their capacities as corporate directors. Thus, in his seventh claim for relief, plaintiff sought to impose liability upon the law firm only to the extent that an employee or member of the firm was held liable to him under either the fifth or sixth claims. Since we have concluded that plaintiff has no right to pursue

either of those claims, we also conclude that the trial court properly dismissed his seventh claim.

Judgment affirmed.

PLANK and DAVIDSON, JJ., concur.