Herbert KLEIN, et al., Plaintiffs,

v.

Robert MORGEN, M.D., Defendant.

No. 89–C–1443.

United States District Court, D. Colorado.

March 29, 1991.

David Klibaner, Susan Kudla, Mike Hulen, Englewood, Colo., for plaintiffs.

Henry Cleveland, Robert Ruddy, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Plaintiffs Herbert, Marsha and Evan Klein instituted this negligence and contract action against Robert Morgen, M.D. They seek damages for Morgen's alleged failures to timely complete and deliver several Attending Physician Statements that were required parts of Herbert Klein's applications for disability and life insurance. Those failures allegedly caused three insurance companies to deny Herbert Klein insurance coverage.

Plaintiffs assert: (1) that Morgen negligently failed to complete Attending Physician Statements required by Paul Revere Insurance Company ("Paul Revere"), Connecticut General Insurance Company ("CIGNA") and AMEX Life Assurance Company ("AMEX") (first, third and fifth claims, respectively); (2) that those failures constituted breaches of fiduciary duties Morgen owed to the plaintiffs (second,

fourth and sixth claims, respectively); (3) that those failures constituted breaches of the contracts between Morgen and Herbert Klein related to applications for the three insurance policies, and that Marsha and Evan Klein were third-party beneficiaries to those contracts (seventh claim); and (4) that those failures constituted breaches of the contracts between Morgen and the insurance companies to which the plaintiffs were third-party beneficiaries (eighth claim). Plaintiffs also assert a claim for punitive damages (ninth claim) which in essence is a prayer for relief rather than a separate claim.

Currently pending are: (a) the plaintiffs' motion to dismiss certain of their claims; (b) the plaintiffs' motion to amend the motion to dismiss; (c) the defendant's motion for summary judgment on claims arising from the applications to CIGNA and Paul Revere; (d) the defendant's motion for summary judgment on the plaintiffs' contract claims; and (e) the defendant's motion to strike the claims of Marsha and Evan Klein.

The parties have fully briefed the issues and oral argument would not materially facilitate decision. Jurisdiction exists under 28 U.S.C. § 1332.

## I. FACTS.

Prior to 1987, Robert Morgen was Herbert Klein's attending physician. In February 1987, Klein applied for disability insurance with Paul Revere. Paul Revere requested an Attending Physician Statement (APS) from Morgen on March 23, 1989. Morgen completed and delivered an APS that was lost by Paul Revere's agent. Morgen allegedly failed to respond to subsequent requests to replace the lost APS. In April 1987, Paul Revere representatives informed Klein and his insurance broker that Klein's application had been "filed incomplete" because Morgen's APS was missing. Klein's insurance agent attempted to obtain a new APS from Morgen after that date.

Klein also applied for insurance with CIGNA and AMEX in August and Decem-

ber 1987, respectively. CIGNA requested an APS from Morgen on December 14, 1987. Despite subsequent requests by Herbert Klein, Morgen did not send CIGNA an APS.

On November 9, 1987, Herbert Klein had Morgen perform a physical examination and various medical tests as part of the insurance application process. On January 22, 1988, a malignant lymphoma was removed from Klein's groin.

Morgen responded to AMEX's September 22, 1987, request for an APS in February 1988. This action was commenced on August 22, 1989.

## II.  ANALYSIS.

### A.  Plaintiff's Motion to Dismiss.

Plaintiffs have moved to dismiss certain of their claims and have moved to amend their motion to dismiss. The motion to amend is granted.

In the amended motion to dismiss, the plaintiffs seek dismissal of their third, fourth and eighth claims, as well as that part of their seventh claim asserting that Marsha and Evan Klein were third-party beneficiaries to the Morgen/Herbert Klein contracts related to the Paul Revere and CIGNA applications. That motion is granted.[1]

### B.  Defendant's Summary Judgment Motion on Claims Related to Paul Revere & CIGNA Applications.

Defendant has moved for summary judgment on the claims related to the Paul Revere and CIGNA applications, arguing: (1) that those claims are time-barred; and (2) that the plaintiff discharged any duty owed by submitting the APS that was lost by Paul Revere's agent. Plaintiffs' CIGNA-related third, fourth and seventh claims have been dismissed. Thus, at issue are the Paul Revere-related claims, *e.g.*, the first, second and, in part, seventh claims.

### 1.  Time Bar of Paul Revere-related Claims.

Section 13–80–102(1), Colo.Rev.Stat., provides in pertinent part that:

"The following civil actions, regardless of the theory upon which suit is brought, or against whom suit is brought, shall be commenced within two years after the cause of action accrues, and not thereafter:

.    .    .    .    .

(c) All actions, regardless of the theory asserted, against any ... physician...."

A personal injury action accrues on the date both the injury and its cause are known or, by the exercise of reasonable diligence, should have been known. Colo. Rev.Stat. § 13–80–108(1). Breach of contract actions accrue on the date a breach is discovered or, by exercise of reasonable diligence, should have been discovered. *Id.* at § 13–80–108(6).

Plaintiffs' claims are based on allegations that Morgen breached contractual, professional and fiduciary duties by failing to provide the APS forms before Herbert Klein was diagnosed with lymphoma. That failure timely to act allegedly injured the plaintiffs by precluding Herbert Klein from obtaining insurance coverage.

Defendant asserts that the plaintiffs' Paul Revere-related negligence, breach of fiduciary duty and contract claims—all arising from the same facts—accrued on April 28, 1987, the day that Klein's insurance application to Paul Revere was "filed incomplete" because Morgen's APS was missing. Plaintiffs have responded, however, that "filing incomplete" does not preclude further consideration of an application or constitute its denial. (Ondack affidavit, plaintiffs' Ex. 1, p. 1.) Indeed, it appears that Paul Revere representatives redoubled efforts to obtain an APS from Morgen after April 1987. *Id.* at p. 2. Those substantial and repeated efforts con-

---

**1.** Remaining are the plaintiffs' first, second, fifth, sixth and ninth claims, as well as that part of the seventh claim asserting: (1) Herbert Klein's breach of contract claims related to the Paul Revere and AMEX applications; and (2) Marsha and Evan Klein's claim that they are third-party beneficiaries to the Morgen/Herbert Klein contract on the AMEX application.

tinued until September 30, 1987, but apparently were abandoned thereafter. *Id.*

■ Under Colorado law, the date that the plaintiff knew or should have known of the alleged injury or breach controls when the action accrued. On the facts here, I conclude that the action accrued, and the statute of limitations began running, on the earlier of: (1) the date Klein became aware that Paul Revere had denied his application because Morgen failed to supply the requisite APS; or (2) the date that Klein became aware that insurance would be denied because Morgen had failed to act.

Apparently Klein's Paul Revere application was never formally denied. Therefore, September 30, 1987—the last date a Paul Revere representative allegedly attempted to obtain Morgen's APS—constitutes the earliest date Klein could have known that Morgen's failure to act would result in his not obtaining a Paul Revere insurance contract. On the evidence presented, I conclude that the action accrued on that date and was timely commenced less than two years later.

### 2. Prior Discharge of the Duty Owed.

■ Defendant's further argument that Morgen discharged any duty owed to Klein by submitting the one APS that was lost by Paul Revere's agent is unavailing. It is entirely unclear under the facts and law whether Morgen, as Klein's attending physician, had a continuing duty to assist his patient in obtaining insurance.[2] Accordingly, summary judgment is not appropriate.

### C. Defendant's Summary Judgment Motion on Contract Claims.

Defendant has moved to dismiss the plaintiffs' seventh (contract) claim[3] arguing: (1) that no contracts existed between Klein and Morgen; and (2) that even if contracts existed, Marsha and Evan Klein were not third-party beneficiaries to them.

### 1. Herbert Klein's Contract Claims.

On the issue whether a contract existed between Morgen and Herbert Klein, I conclude that there are genuine issues of material fact and therefore summary judgment is precluded.

### 2. Marsha and Evan Klein's Third-Party Beneficiary Claims.

■ Defendant further has moved for summary judgment on the third-party beneficiary aspect of Marsha and Evan Klein's seventh claim. A person not a party to an *express* contract may bring an action on that contract, provided: (1) that the contracting parties intended to benefit the non-party; and (2) that the claimed benefit is direct and not merely an incidental benefit of the contract. *E.B. Roberts Const. Co. v. Concrete Contractors, Inc.,* 704 P.2d 859, 865 (Colo.1985); *Brooks v. Land Drilling Co.,* 564 F.Supp. 1518, 1520 (D.Colo.1983). The intent to benefit the non-party need not be expressly recited in the contract, but must be apparent from the agreement's terms, or from substantial, surrounding circumstances. *E.B. Roberts,* 704 P.2d at 865.

■ Here the plaintiffs argue that the alleged Morgen/Herbert Klein contract arose out of "the basic physician/client relationship." (Plaintiffs' brief, p. 3.) At best, that argument suggests that the contract, if any, was implied not express. While Herbert Klein's intent to benefit his family by applying for insurance cannot be doubted, no evidence or allegation suggests that Morgen shared that intent.

Moreover, any contract benefit accruing to Marsha and Evan was indirect and incidental to Morgen's alleged promise to complete the APS for the AMEX application. The incident of that promise was that a contract insuring Herbert Klein ultimately may (or may not) have been obtained.

---

**2.** The deposition testimony of Dr. Mark Levine, cited by the defendant, does not establish, as a matter of law, that a single, unsuccessful compliance with an APS request forever discharges the duty owed, a proposition the defendant urges on the court.

**3.** The part of the seventh claim remaining contains two separate allegations as noted *supra,* footnote 1.

That, as the plaintiffs assert, Herbert might eventually have named Marsha and Evan Klein as beneficiaries in the separate, AMEX insurance contract does not establish their status as intended beneficiaries to Herbert Klein's alleged initial contract with Morgen. For the above reasons, I conclude that Marsha and Evan Klein were not third-party beneficiaries to the alleged Morgen/Herbert Klein contract related to the AMEX application.

### D. Motion to Strike Marsha and Evan Klein's Claims.

Defendant has moved to strike Marsha and Evan Klein's negligence claims (first and fifth claims), breach of fiduciary claims (second and sixth claims) and the contract claims. At issue are only the first, fifth and sixth claims, however, because Marsha and Evan Klein's contract claims already have been dismissed and the plaintiffs have confessed the motion as to the second claim. (*See* plaintiffs' supplemental response, p. 1.) Given the gravamen of the defendant's arguments, I treat the motion as one for dismissal under Fed.R.Civ.P. 12(b)(6).

#### 1. First and Fifth Claims for Negligence.

Defendant argues that the negligence claims must be dismissed because: (1) Morgen owed no duty to Marsha or Evan Klein; and (2) the plaintiffs have not been damaged.

■ Negligence claims must fail when, under the circumstances presented, the law imposes no duty of care on a defendant with respect to particular plaintiffs. *University of Denver v. Whitlock*, 744 P.2d 54, 56 (Colo.1987). Courts decide the legal issue whether a duty is owed based on, *inter alia*, the following factors:

"the risk involved, the foreseeability and likelihood of injury as weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury or harm and the consequences of placing the burden upon the actor." *Id.* at 57.

■ The above non-exhaustive list does not preclude considering other factors implicated by individual, public and social interests peculiar to a particular case. *Id.* Indeed, no one factor is controlling, and the question whether a duty should be imposed is essentially one of fairness under contemporary standards—whether reasonable persons would recognize a duty and agree that it exists. *Taco Bell Inc. v. Lannon*, 744 P.2d 43, 46 (Colo.1987).

■ The Colorado Supreme Court has stated that the nature of the charged negligence, *e.g.*, a negligent failure to act as opposed to a negligent affirmative act, may be critical in determining whether a duty should be imposed on a particular defendant. *Whitlock*, 744 P.2d at 57–58. That distinction exists because by misfeasance a defendant created a new risk of harm, while by non-feasance a defendant works no positive injury but merely fails to benefit the plaintiff. *Id.* at 57; Restatement(2d) Torts § 314 (1965). In non-feasance cases, recognition of a duty has been predicated on the existence of special relationships evidencing "some definite relation between the parties, of such a character that social policy justifies the imposition of a duty to act." *Whitlock*, 744 P.2d at 58.

Plaintiffs argue that Morgen owed a duty to "all intended beneficiaries of those [insurance] policies" and to "all those who would be harmed by the physician's failure" to complete the forms. (Plaintiffs' response, p. 2–3.) A basic axiom of tort law is that the risk reasonably to be perceived defines the duty to be obeyed. *Palsgraf v. Long Island R.R.*, 248 N.Y. 339, 344, 162 N.E. 99, 100 (1928). That expression of the foreseeability element of a duty analysis requires viewing events from the alleged tortfeasor's perspective.

■ Viewing the instant matters from that perspective, I reject, as an incorrect statement of law, the plaintiffs' argument that all persons who may be harmed are owed a duty by a physician who is asked to complete an APS. That proposal simply casts the net of liability too broadly.

■ Similarly, the absence of any evidence establishing that Morgen was aware that Marsha and Evan Klein would be named as beneficiaries of Herbert Klein's anticipated insurance contracts precludes assigning Morgen a duty *vis a vis* those plaintiffs. *See Gammill v. United States,* 727 F.2d 950, 954 (10th Cir.1984) (under Colorado law, physician has no duty to warn others of his patient's contagious disease, absent special relationship or awareness of specific risks to specific persons). To hold otherwise would be to justify suit in similar circumstances by *any* party that a person seeking insurance coverage may allege would have been named as the insurance contract's beneficiary, regardless whether the risk of injury to the alleged beneficiary was foreseeable to the physician.

■ The absence of any special relationship linking Morgen and the Klein family members who were not his patients supports my conclusion that no duty existed here. That Morgen owed a duty of care to Herbert Klein cannot be doubted. The mere fact, however, that one's family member is being treated by a particular physician does not invoke or establish any recognized duty between that person and the treating physician. Indeed, the right to pursue malpractice claims usually accrues solely to the injured patient, not members of that person's family. For the above reasons, I conclude that Morgen owed no legally cognizable duty of care to Marsha or Evan Klein.

*2. Sixth Claim: Breach of Fiduciary Duty.*

■ Defendant further argues that Marsha and Evan Klein's sixth claim for breaches of fiduciary duties related to the AMEX application must be dismissed. Under Colorado law, a fiduciary relationship exists when a special confidence justifiably is reposed in one who in equity and good conscience is bound to act in good faith and with due regard to interests of the one reposing the confidence. *Paine, Webber, Jackson & Curtis, Inc. v. Adams,* 718 P.2d 508, 517–18 (Colo.1986); *Nicholson v. Ash,* 800 P.2d 1352, 1355–56 (Colo.App.1990). That special relationship is formed when the parties come to the understanding that the fiduciary will act for the benefit of the individual reposing trust. *Id.* (both cites).

■ Plaintiffs' complaint lacks any allegation that Marsha and Evan reposed confidence in Morgen or that Morgen knew that confidence had been reposed by them (Complaint, ¶¶ 29–30, 35–36.) I previously have concluded that Morgen was not bound by an agreement to act for those plaintiffs' benefit. Absent any allegation that confidence was reposed in Morgen by them and absent any citation to authority establishing that a fiduciary relationship exists in the stated circumstances, I conclude that Morgen owed no fiduciary duty to Marsha or Evan Klein.

### III. SUMMARY.

On the plaintiffs' own motion, the third, fourth and eighth claims are dismissed in their entirety.

Also dismissed on that motion are those parts of the seventh claim in which Herbert Klein asserts breach of contract against CIGNA, and in which Marsha and Evan Klein assert claims as third-party beneficiaries to the alleged contracts related to the CIGNA and Paul Revere applications.

Summary judgment is granted in the defendant's favor on that part of the seventh claim in which Marsha and Evan Klein assert that they were third party beneficiaries to the alleged contract related to the AMEX application.

Dismissed on the defendant's motion to strike, treated as a Rule 12(b)(6) motion, are Marsha and Evan Klein's first and fifth negligence claims, as well as their sixth claim asserting breaches of fiduciary duties related to the AMEX application.

The claims remaining are Herbert Klein's first and fifth claims for negligence, his second and sixth claims for breaches of fiduciary duties, and his seventh claim asserting breaches of the contracts related to the Paul Revere and AMEX applications. The prayer for punitive damages, styled as the ninth claim, also remains.

Accordingly, IT IS ORDERED that:

(1) the plaintiffs' motion to amend their motion to dismiss is granted;

(2) the plaintiffs' amended motion to dismiss is granted. The third, fourth and eighth claims are dismissed. Also dismissed are those parts of the seventh claim in which Herbert Klein asserts breach of contract against CIGNA, and in which Marsha and Evan Klein assert claims as third-party beneficiaries to the alleged contracts related to the CIGNA and Paul Revere applications;

(3) the defendant's motion for summary judgment as to the Paul Revere and CIGNA applications is denied;

(4) the defendant's motion for summary judgment on the plaintiffs' contract claims is denied in part and granted in part. The motion as to that part of the seventh claim in which Herbert Klein asserts breach of contract related to the AMEX and Paul Revere applications is denied. The motion as to that part of the seventh claim in which Marsha and Evan Klein assert third-party beneficiary contract claims is granted;

(5) the defendant's motion to strike Marsha and Evan Klein's claims is granted. Plaintiffs' first, second, fifth and sixth claims are dismissed to the extent those claims are asserted by Marsha and Evan Klein; and

(6) the parties and their counsel are ordered to meet and confer within eleven days of this order in a good faith attempt to settle the case without further litigation, expense and delay. The parties shall report to this court in writing within fifteen days, stating the results of their settlement negotiations and whether a settlement conference before a Magistrate Judge or some other alternative dispute resolution proceeding would facilitate settlement.