**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 8 2004**

**PATRICK FISHER**
**Clerk**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

MANHEIM AUTOMOTIVE
FINANCIAL SERVICES, INC.,

       Plaintiff-Counter-Claim
Defendant-Appellee,

v.

FORSHEE AUTO SALES, INC.

       Defendant-Counter-
Claimant,

and

KENNETH M. FORSHEE; RENEE
FORSHEE,

       Defendants-Counter-
Claimants-Appellants.

No.  03-4285
(D.C. No. 2:02-CV-60-TC)
(D. Utah)

### ORDER AND JUDGMENT  *

Before **SEYMOUR** , **KELLY** , and **McCONNELL** , Circuit Judges.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendants-appellants Kenneth and Renee Forshee (the Forshees) appeal the order entered by the district court on October 20, 2003 granting summary judgment in favor of plaintiff-appellee Manheim Automotive Financial Services, Inc. (Manheim) on the Forshees' counterclaims for breach of contract and tortious interference with business relations. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm. To the extent the Forshees are seeking to appeal orders that were entered in the separate bankruptcy case that was filed by defendant Forshee Auto Sales, Inc. (Forshee Auto), we dismiss that portion of this appeal for lack of jurisdiction.

## I.

Forshee Auto was a Utah corporation that formerly operated a used car dealership in Utah. The Forshees were the sole shareholders of Forshee Auto. Kenneth Forshee was also an officer and director of the company, while Renee Forshee was also an officer.

In January 2001, Forshee Auto entered into a floor-plan financing arrangement with Manheim to finance the purchase of automobile inventory. As

-2-

part of the arrangement, Forshee Auto executed a $750,000 promissory note in favor of Manheim. Pursuant to the terms of a separate security agreement, Forshee Auto also granted Manheim a security interest in its automobile inventory. In addition, the Forshees executed individual guaranties in favor of Manheim.

On December 10, 2001, Manheim filed an action against Forshee Auto and the Forshees in a Utah state court, alleging that Forshee Auto had defaulted on its obligations under the note and security agreement. In response to Manheim's claims, Forshee Auto and the Forshees filed counterclaims against Manheim for breach of contract and tortious interference with business relations, claiming, among other things, that Manheim had "acted in bad faith to create a spurious default as an excuse to put Defendants out of business." Aplt. App. at 169.

On December 21, 2001, Forshee Auto filed a petition for bankruptcy in the United States Bankruptcy Court for the District of Utah. *See In re Forshee Auto Sales, Inc.*, No. 01-39047 (Bankr. D. Utah). Because the state-court case was related to the bankruptcy proceeding, Manheim then removed the case to the United States District Court for the District of Utah pursuant to 28 U.S.C. §§ 1334 and 1452. After the state-court case was removed to the District of Utah, it was not consolidated with Forshee Auto's bankruptcy case or otherwise referred to the bankruptcy court. Instead, as explained by Manheim in its response brief,

-3-

"there continued, concurrently, two separate legal proceedings involving the parties to this appeal. One was the District Court Action before [United States District Judge Tena Campbell]. The other was [Forshee Auto's] bankruptcy proceeding before [United States Bankruptcy Judge William Thurman]." Aplee. Br. at 5. This appeal involves a summary judgment order that was entered by Judge Campbell in the district court case, and, to avoid confusion, we will refer herein to the district court case as "this case." Before addressing Judge Campbell's order, however, it is necessary to briefly discuss the proceedings in Forshee Auto's bankruptcy case.

During the course of the bankruptcy case, Manheim "obtained an order from the Bankruptcy Court granting it relief from the automatic stay, which allowed [Manheim] to sell its collateral under the Security Agreement to satisfy [Forshee Auto's] debt to [Manheim]. The proceeds from the sale of the collateral paid [Forshee Auto's] indebtedness to [Manheim] in full." *Id.* at 6. As a result, Manheim and the bankruptcy trustee entered into a settlement agreement and mutual release, and, in May 2003, Judge Thurman entered an order in the bankruptcy case approving the settlement agreement and mutual release. In light of the settlement in the bankruptcy case, Manheim and the bankruptcy trustee then filed a stipulated motion in this case to dismiss Manheim's claims against Forshee Auto and Forshee Auto's claims against Manheim with prejudice. In June 2003,

-4-

in response to the stipulated motion, Judge Campbell entered an order in this case dismissing all of the claims between Manheim and Forshee Auto with prejudice.

Subsequently, in July 2003, Manheim moved for summary judgment in this case on the counterclaims asserted by the Forshees in their individual capacities, arguing that the Forshees did not have standing to assert the counterclaims based on their status as shareholders of Forshee Auto because the claims belonged exclusively to Forshee Auto. In October 2003, Judge Campbell entered an order granting Manheim's motion for summary judgment. In her order, Judge Campbell acknowledged that, under Utah law, "a shareholder may 'bring an individual cause of action if the harm to the corporation also damaged the shareholder as an individual rather than [as] a shareholder.'" Aplt. App. at 16 (quoting *Stocks v. United States Fid. & Guar. Co.*, 3 P.3d 722, 724 (Utah Ct. App. 2000)). Judge Campbell found, however, that "[t]he Forshees fail[ed] to explain how they supposedly were damaged other than as shareholders, and they . . . presented no evidence in support of such a claim." *Id.* at 17. As a result, the Forshees "never [got] beyond conclusory allegations or references to their pleadings," and their "unsupported argument that they were damaged as individuals . . . [was] insufficient to create a genuine issue of material fact." *Id.*

In her order, Judge Campbell also addressed the issue of whether the Forshees have standing to pursue their individual claims against Manheim based

on their status as personal guarantors of Forshee Auto's obligations to Manheim. Judge Campbell concluded that "[t]he Forshees do not have standing to bring an action against Manheim simply because they guaranteed [Forshee Auto's] obligations under the Note and Security Agreement." *Id.* (citing *DLB Collection Trust ex rel. Helgesen & Waterfall v. Harris*, 893 P.2d 593, 597-98 (Utah Ct. App. 1995) and *Nicholson v. Ash*, 800 P.2d 1352, 1356 (Colo. Ct. App. 1990)).

In this appeal, the Forshees are challenging Judge Campbell's determination that they do not have standing to pursue their individual claims against Manheim for breach of contract and tortious interference. The Forshees are also attempting to appeal several orders that were entered by Judge Thurman in Forshee Auto's bankruptcy case. Specifically, the Forshees claim that Judge Thurman erred by: (1) denying a motion to dismiss that the Forshees filed in the bankruptcy case; (2) denying a motion to withdraw documents that the Forshees filed in the bankruptcy case; (3) denying a motion to amend that the Forshees filed in the bankruptcy case; and (4) approving the settlement in the bankruptcy case between Forshee Auto and Manheim.

## II.

### A. Rule 56 Standards.

"We review the grant of summary judgment de novo applying the same standard as the district court embodied in Rule 56(c)." *Adler v. Wal-Mart Stores,*

-6-

*Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). Under Rule 56(c), summary judgment is proper if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "In applying this standard, we view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant." *Adler*, 144 F.3d at 670. However, "[c]onclusory allegations that are unsubstantiated do not create an issue of fact and are insufficient to oppose summary judgment." *Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1136 (10th Cir. 2003).

The parties must also make specific showings to satisfy their respective burdens under Rule 56. We have explained the burden-shifting process under Rule 56 as follows:

> The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. In so doing, a movant that will not bear the burden of persuasion at trial need not negate the nonmovant's claim. Such a movant may make its prima facie demonstration simply by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.

> If the movant carries this initial burden, the nonmovant that would bear the burden of persuasion at trial may not simply rest upon its pleadings; the burden shifts to the nonmovant to go beyond the pleadings and set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant. To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein. Thus, although our review is de novo, we conduct that review from the perspective of the district court at the time it made its ruling, ordinarily limiting our review to

the materials adequately brought to the attention of the district court by the parties.

*Adler*, 144 F.3d at 670-71 (quotations and citations omitted).

**B. Judge Campbell's Summary Judgment Order.**

Under Utah law, "[i]t is well-settled that even though a shareholder owns all, or practically all, of the stock in a corporation, such a fact does not authorize him to sue as an individual for a wrong done by a third party to the corporation." *Stocks*, 3 P.3d at 724 (quotation omitted). But Utah courts have also "recognized a narrow exception to the general rule regarding a shareholder's capacity to bring an individual suit." *Id.* Under the exception, a shareholder may "bring an individual cause of action if the harm to the corporation also damaged the shareholder *as an individual rather than as a shareholder*." *Harris*, 893 P.2d at 596. Consequently, the exception applies to cases where there is a "violation[] of a duty arising from a contract or otherwise, and owed directly to the shareholder." *Id.* "Thus, in this case the exception would apply if the alleged wrongful conduct of [Manheim] is a violation of a duty arising from a contract or otherwise with [the Forshees], and owed directly to [the Forshees]." *Stocks*, 3 P.3d at 724 (quotations omitted).

As noted by Judge Campbell in her summary judgment order, in *Harris*, the Utah Court of Appeals rejected the assertion of standing by a stockholder who was also a joint-guarantor of a corporation's debts. Although the court noted that

the shareholder had "suffered . . . losses as a result of his status as a shareholder and joint-guarantor," it nonetheless concluded that "it is the corporation that has suffered direct injury, and any damage resulting to the stockholder is merely indirect[.]" *Harris*, 893 P.2d at 597 (citing *Nicholson*, 800 P.2d at 1356). In addition, the court noted that "all of the shareholders in this closely-held corporation suffered in the same manner when they were forced to make good on personal guarantees." *Id.* As a result, the shareholder could not show that he "suffered a loss that was unique to him alone," *id.*, and the court therefore affirmed the trial court's entry of summary judgment against the shareholder, *id.*

*Harris* appears to be consistent with the decisions of other courts that have addressed similar shareholder standing issues in cases involving personal guarantees. *See, e.g., Nicholson*, 800 P.2d at 1356-57 (holding that a shareholder's status as a guarantor of a corporation's debts did not give him standing to assert individual claims against the directors of the corporation where the shareholder was not seeking to enforce any specific obligations owed to him under the terms of the guarantee); *Marchman v. NCNB Tex. Nat'l Bank*, 898 P.2d 709, 717-18 (N.M. 1995) (holding that a shareholder's status as a guarantor of a corporation's debts did not give him standing to assert individual claims against a creditor of the corporation where the guarantees were never enforced and all of the "injuries alleged [were] indirect damages suffered by the parties in their

capacities as shareholders or employees"); *Wells Fargo AG Credit Corp. v. Batterman*, 424 N.W.2d 870, 874 (Neb. 1988) ("By itself, a shareholder's status as a guarantor for the debt of the corporation . . . does not entitle the shareholder to maintain an action against a third party for injury to the corporation."); *Pepe v. Gen. Motors Acceptance Corp.*, 604 A.2d 194, 196 (N.J. Super. Ct. App. Div. 1992) (holding that shareholders' status as personal guarantors of the debts of several automobile dealerships did not give them standing to assert claims against a creditor that provided the dealerships with floor plan financing where "[t]he causes of action pleaded by the [shareholders] all assert[ed] losses sustained by them as a result of the destruction of their corporations[,] . . . [and] the claims [were] entirely derivative of causes of action which . . . [belonged] to the corporations").

Nonetheless, this is a difficult area of corporate law, and, as noted by the Colorado Court of Appeals in *Nicholson*, the case law is not entirely uniform. *See Nicholson*, 800 P.2d at 1357 (citations omitted). Further, because there are important factual difference in the various cases involving shareholders who have executed personal guarantees, it is difficult to articulate a hard and fast standing rule. Fortunately, however, this is not a task that we need to undertake in this case, because we conclude that the Forshees failed to properly oppose Manheim's motion for summary judgment.

As set forth above, under Rule 56, a party moving for summary judgment "may make its prima facie demonstration simply by pointing out to the [district] court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Adler*, 144 F.3d at 671. In the memorandum that Manheim submitted in support of its motion for summary judgment, Manheim made such a prima facie demonstration by pointing out to the district court that the Forshees had insufficient evidence to support their allegations that they suffered actionable individual injuries as a result of the alleged misconduct of Manheim. *See* Aplt. App. at 342, 345-50. Consequently, because the Forshees would have had the burden of persuasion at trial with respect to their counterclaims, the burden then shifted to the Forshees "to go beyond [their] pleadings and set forth specific facts [by reference to affidavits, deposition transcripts, or specific exhibits] that would be admissible in evidence in the event of trial from which a rational trier of fact could find for [them]." *Adler*, 144 F.3d at 671 (quotation omitted).

In the brief the Forshees filed in opposition to Manheim's motion for summary judgment, the Forshees failed to refer to any affidavits, deposition transcripts, or exhibits to support their claim that they suffered actionable individual injuries as a result of Manheim's alleged misconduct. *See* Aplt. App. at 377-80. Indeed, the Forshees did not even bother to mention the fact that they had personally guaranteed Forshee Auto's obligations to Manheim. *Id.* Further,

-11-

the Forshees made no attempt to specifically describe or delineate the individual injuries that they allegedly sustained as a result of Manheim's alleged misconduct. *Id.* Instead, the Forshees' opposition to Manheim's motion for summary judgment was based solely on the following conclusory allegations:

> [Manheim] . . . undertook a course of deceit, and abuse, which did damage to [Forshee Auto]. However, that reprehensible conduct was not narrowly targeted at the corporation only, but was target[ed] at [the Forshees] as individuals as well. The malfeasance of [Manheim] . . . damaged [the Forshees] . . . as individuals, not merely because they were shareholders. The damage complained of by [the Forshees] would have occurred to them even if they had not owned any stock in the corporation.

> . . . .

> The counterclaim pleads that [the Forshees] have suffered damages as a result of breach of contract by [Manheim], by tortious interference with business by [Manheim], and by the bad faith and unethical conduct of [Manheim]. (See paragraphs "4" through "8" of [the Forshees'] counterclaim.) Those are causes of action which are maintainable without reference to [the Forshees'] status as stockholders.

*Id.* at 379.

The Forshees' conclusory allegations were woefully insufficient for purposes of defeating Manheim's motion for summary judgment. At best, the Forshees simply regurgitated the conclusory allegations in their counterclaims. Moreover, even if it were permissible for the Forshees to rely on the unsupported allegations in their pleadings, we note that the Forshees' "Answer and Counterclaim," *id.* at 166-72, does not set forth any specific facts showing that

-12-

Manheim's alleged misconduct "amount[ed] to a breach of duty owed to [the Forshees] personally." *Harris*, 893 P.2d at 596. Thus, we agree with Judge Campbell that "[t]he Forshees' fail[ed] to explain how they supposedly were damaged other than as shareholders, and they . . . presented no evidence in support of such a claim." Aplt. App. at 17.

Finally, even if we were to overlook the deficiencies in the Forshees' summary judgment opposition and assume that Manheim owed certain duties directly to the Forshees based on their guarantees, it is undisputed that the Forshees' guarantees were never enforced. Instead, as noted above, Manheim used the proceeds it obtained from the sale of Forshee Auto's vehicle inventory to satisfy Forshee Auto's obligations under the promissory note and security agreement. Consequently, the Forshees did not suffer any sort of direct injury based on their guarantees. *See Marchman*, 898 P.2d at 717 (holding that a shareholder/guarantor did not suffer direct injury for standing purposes where the guarantees entered into by the shareholder were never enforced).

### C. Bankruptcy Court Orders.

This court does not have jurisdiction to review any of the bankruptcy court orders that were entered by Judge Thurman in Forshee Auto's bankruptcy case. As set forth above, while this case was removed to federal court, it was never consolidated with Forshee Auto's bankruptcy case or otherwise referred to the

-13-

bankruptcy court, and it remained as a separate and distinct proceeding before the district court. [1]

28 U.S.C. § 158 sets forth the avenues of appeal that are available under federal law for obtaining review of bankruptcy court orders. Because the Tenth Circuit has established a Bankruptcy Appellate Panel (BAP), a bankruptcy litigant may first appeal to either the BAP or the district court in which the bankruptcy court is located. *Id.* at § 158(c)(1). If the order of the bankruptcy court is affirmed by either the BAP or the district court, the litigant may then appeal the order to this court. *Id.* at § 158(d); *see also* Fed. R. App. P. 6(b)(1).

In Forshee Auto's bankruptcy case, the Forshees filed an appeal in the district court concerning the orders entered by Judge Thurman, and District Judge Dale Kimball entered an order affirming Judge Thurman's orders in May 2004. *See* Aplee. Supp. App. at 290-93. Following the entry of Judge Kimball's order, the Forshees could have filed an appeal in this court concerning Judge Thurman's orders. The Forshees did not file an appeal in this court concerning Judge Thurman's orders, however, and the time for doing so has long since expired.

---

[1]    We also note that the Forshees' notice of appeal does not refer to any bankruptcy court orders. Instead, the notice of appeal indicates only that the Forshees are appealing the summary judgment order that was entered in this case by Judge Campbell. *See* Aplee. Supp. App. at 30.

-14-

The judgment of the district court is AFFIRMED.  To the extent the

Forshees are seeking to appeal orders that were entered in Forshee Auto's

bankruptcy case, we DISMISS that portion of this appeal for lack of jurisdiction.

Entered for the Court


Michael W. McConnell
Circuit Judge